McKinney, J.,
delivered the opinion of the court.
The complainant is the widow of Henry Richards, who died intestate. She was allowed by the county court $150 00, for her year’s support, which remains unpaid; and this bill was brought to obtain satisfaction of. said allowance out of a debt due from the estate of George H. Burton, which, as she alleges, rightfully belongs to the estate of her deceased husband ; there being no other fund for the satisfaction of the same.
It appears that on the 12th of April, 1846, said Burton was indebted to said Henry Richards in the sum of $300, for money loaned and advanced by the latter to the former; and on that day, Richards procured Burton to execute his note for said sum of money, payable to the defendants E. D„ Richards and Mary Mills, who are the children of said Henry Richards. The defendants allege, that said note was taken payable to them, not for any fraudulent purpose, but in discharge of the *430 indebtedness of their father to them. How the truth of this allegation may be, it is not material to inquire; for if wholly untrue, as complainant alleges, the result of the case would not be varied. The right of the widow, in respect to. the personal estate of her deceased husband, stands upon very different ground, from her right to dower. By positive law, the latter right is protected against the fraud of the husband. The act of 1784, ch. 22, sec. 8, declares all conveyances made to children, or others, with the intent to defeat the widow of dower, utterly void; and that she shall have her dower in the lands so conveyed, as if no such conveyance had been made. But no such protection is given in respect to the personal estate. Upon well settled principles, the widow is precluded, just as much as the personal representative or distributees, from alleging the fraud of the intestate in the sale, conveyance, or gift of his personal estate; or calling in question any disposition which he may have thought proper to make of it; as against her and them, he has the right, in law, to make whatever disposition he pleases ; only those standing in the relation of creditors or bona fide purchasers can question such right. The widow is not even entitled, upon the distribution of her husband’s estate, to have the advancements made by him to his children, in his life time, collated for her benefit; she is only entitled to a share of what remains, exclusive of such advancements; Meigs R. 630.
It follows that, assuming the execution of the note for $300, to the defendants to have been without consideration, and for the purpose of excluding the widow from any share thereof, the complainant is without remedy.
The decree will be reversed.